IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ) | Case No. 1:10-cv-00394-WHA-CSC |
| DOROTHY FOSTER, individually and ) | |
| d/b/a/ TAX TIME, ) | (wo) |
| MILLS MANAGEMENT and ) | |
| MILLS/ALCOS TAX SERVICES, ) | |
| ) | |
| Defendant. ) | |

**ORDER GRANTING UNITED STATES' MOTION
FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTION**

Upon motion by the plaintiff, United States of America, default judgment is hereby entered against defendant Dorothy Foster, individually and doing business as Tax Time, Mills Management, and Mills/Alcos Tax Services. The Court finds and orders as follows:

**Applicable Standards**

1. Standard for Default Judgment

Rule 55(b)(2) of the Federal Rules of Civil Procedure allows the court to enter a default judgment when the clerk has entered a default, and the party seeking judgment has applied to the court for a default judgment. A defendant, by his or her default, "admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.,* 561 F.3d 1298, 1307 (11th Cir. 2009).

2. Standard for Permanent Injunction

To obtain an injunction under 26 U.S.C. (Internal Revenue Code, I.R.C.) § 7407, the United States must show: (1) that the defendant is an "income tax return preparer" within the meaning of Internal Revenue Code section 7701(a)(36); (2) that she engaged in conduct described in section 7407(b)(1)(A)-(D); and (3) that injunctive relief is appropriate to prevent the recurrence of such conduct. 26 U.S.C. § 7407(b); *United States v. Ernst & Whinney*, 735 F.2d 1296, 1303 (11th Cir.1984), *cert, denied*, 470 U.S. 1050, 105 S.Ct. 1748, 84 L.Ed.2d 814 (1985); *United States v. Savoie*, 594 F.Supp. 678, 683 (W.D.La.1984); *United States v. Franchi*, 756 F.Supp. 889, 891 (W.D.Pa.1991). Further, the United States may obtain an injunction preventing the defendant from acting as an income tax return preparer if it shows that the defendant has "continually or repeatedly" engaged in any of the prohibited conduct described in section 7407(b)(1)(A)-(D) and that "an injunction prohibiting such conduct would not be sufficient to prevent such person's interference with the proper administration" of the internal revenue laws. 26 U.S.C. § 7407.

To obtain a permanent injunction pursuant to I.R.C. § 7408, the United States must show that defendants have engaged in conduct subject to penalty under §§ 6700 or 6701 and that injunctive relief is appropriate to prevent the recurrence of such conduct.

For an injunction under I.R.C. § 7402(a), the Eleventh Circuit requires a showing that: (1) it is likely that the United States will suffer irreparable injury if the defendant's conduct continues; (2) it is unlikely that the defendant will be harmed by the injunction; and (3) an injunction will serve the public interest. *United States v. Ernst & Whinney*, 735 F.2d 1296, 1301 (11th Cir.1984).

**Findings of Fact**

After default was entered by the Clerk of the Court in this case, the court entered an Order directing the United States to file its Motion for Default Judgment along with supporting evidence.  In response to that Order, the United States filed a Motion for Default Judgment and, rather than file supporting evidence, cited to the well-pleaded allegations of the Complaint in support of that motion, pursuant to *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.,* 561 F.3d 1298, 1307 (11th Cir. 2009).  Based on the well-pleaded allegations presented the Court finds that:

    1.    This Court has jurisdiction over the parties and subject matter of this case.

    2.    Defendant, Dorothy Foster, operated Mills Management (now known as Tax Time) and Mills/Alcos Tax Services, federal tax return-preparation businesses, in Dothan, Alabama.

    3.    Foster is an income tax return preparer within the meaning of I.R.C. § 7701(a)(36).

    4    Foster learned how to prepare federal tax returns through on-the-job training while she was an employee of Shalunda Lidell Wimes, Larry Baxter, Matthew Okonkwo and Robert Emojevwe .

    5.    Foster knew that her former employers were prosecuted for or enjoined from preparing federal tax returns because they filed fraudulent tax returns, including claiming false earned income tax credits ("EITC").

    6.    After conducting a due diligence check, the IRS penalized Foster $5,000 for

preparing 50 federal income tax returns for the 2003 tax year that improperly claimed the EITC.

7.     Despite having knowledge that her former employers were prosecuted for or enjoined from preparing fraudulent federal tax returns and being penalized herself for failing to perform proper due diligence in preparing federal tax returns, Foster continues to prepare federal tax returns without fulfilling the due diligence requirements and preparing federal tax returns with false information in order to improperly claim the EITC.

8.     From 2005 through March 14, 2008, Foster filed 883 federal income tax returns.

9.     From 2005 through March, 2008, the percentage of federal income tax returns prepared by Foster claiming refunds has risen from 98% to 100% and the percentage of federal income tax returns claiming the EITC has risen from 78% to 95%, as illustrated by the following table:

| Year Return Processed by IRS | Returns Prepared | % of Returns Claiming a Refund | % of Returns Claiming the EITC |
|---|---|---|---|
| 2005 | 182 | 98% | 78% |
| 2006 | 218 | 98% | 84% |
| 2007 | 338 | 99% | 85% |
| 2008 | 145 | 100% | 95% |
| **Total** | **883** | | |

10.    Of the 883 federal income tax returns Foster prepared from 2005 until March 2008, the IRS has identified 99 which claim false Schedule C profits to increase EITC refunds, with a tax harm of at least $385,055.

11.    Of the 883 federal income tax returns Foster prepared from 2005 until March

2008, the IRS has identified 96 that claim false Schedule C losses in order to reduce tax liability or maximize EITC refunds, with a tax harm of at least $527,432.

12. Of the 883 federal income tax returns Foster prepared from 2005 until March 2008, the IRS has identified 73 returns containing false filing status, dependency, or other EITC issues, with a tax harm of at least $282,887.

13. The total amount of tax harm described above is at least $1,195,374.

14. Further, of the 883 federal income tax returns Foster prepared, the IRS conducted correspondence examinations of at least 67 and each examination resulted in adjustments to either the claimed Schedule C profits or losses, business expenses, dependency exemptions, and/or claimed EITC.

15. Due to the above described fraudulent returns filed by Foster, the IRS revoked Foster's electronic filing identification number ("EFIN") in 2008.

16. Foster then paid Frederick Thomas to use his EFIN and continue filing federal tax returns.

17. In 2009, Foster had prepared and filed at least fifteen Form 1040's for tax year 2008 that claim fabricated profits or losses on Schedule C in order to maximize the EITC.

18. Foster willfully, intentionally, and/or recklessly understates her customers' income tax liabilities by preparing federal income tax returns that contain fabricated or inflated expenses and/or deductions, and/or improperly reduce her customers' self-employment tax obligations by creating sham businesses.

19. Foster has repeatedly and continually prepared federal income tax returns that understate her customers' tax liabilities as a result of her reckless and/or intentional disregard of

internal revenue rules and regulations.

20. Foster knew or had reason to know that the returns she prepared would be used in connection with the determination of her customers' tax liabilities, a material matter, and that the returns would result in an understatement of her customers' tax liabilities.

21. Foster' activities substantially interfere with the administration of the tax laws.

22. Foster' activities undermine public confidence in the fairness of the federal tax system and incite violations of the internal revenue laws. They cause the Government irreparable harm. The Government's remedies at law are inadequate.

23. Injunctive relief is appropriate and necessary to prevent Foster from preparing and filing false tax returns that interfere with tax enforcement and from future occurrences of this conduct.

## Conclusions of Law

1. Based upon the factual findings, the Court also finds that Dorothy Foster, individually and doing business as Tax Time, Mills Management, and Mills/Alcos Tax Services, has continually and repeatedly engaged in conduct subject to penalty under I.R.C. §§ 6694 and 6695 and has continually and repeatedly engaged in other fraudulent or deceptive conduct substantially interfering with the administration of the tax laws. The Court also finds that a narrower injunction prohibiting only this specific misconduct would be insufficient.

2. Accordingly, the Court finds that Foster should be enjoined from acting as a tax return preparer under I.R.C. § 7407.

3. The Court also finds that Foster has engaged in conduct in violation of I.R.C.

§ 6701, and that injunctive relief is appropriate to prevent the recurrence of that conduct.

    4.    Accordingly, the Court finds that Foster should be enjoined under I.R.C. § 7408.

    5.    The Court further finds that Foster has engaged in conduct that interferes with the enforcement of the internal revenue laws, and that the United States and the public will suffer irreparable harm in the absence of a permanent injunction.

    6.    Also, it is evident that Foster will continue to violate the Internal Revenue Code absent an injunction.

    7.    Accordingly, the Court finds that Foster should be permanently enjoined under I.R.C. § 7402(a).

### Order

IT IS HEREBY ORDERED that defendant Dorothy Foster, individually and doing business as Tax Time, Mills Management, and Mills/Alcos Tax Services, is permanently enjoined as follows:

    A.    Pursuant to 26 U.S.C. §§ 7402, 7407 and 7408, Foster and her representatives, agents, servants, employees, attorneys, independent contractors, anyone in active concert or participation with them, are permanently enjoined from directly or indirectly acting as a federal tax return preparer or otherwise directly or indirectly preparing or filing federal tax returns or other tax forms for others, from representing others before the IRS, and from advising anyone concerning federal tax matters;

    B.    Pursuant to 26 U.S.C. §§ 7402, 7407 and 7408, Foster and her representatives, agents, servants, employees, attorneys, independent contractors, anyone in active concert or participation with them, are enjoined from directly or indirectly engaging in activity subject to

penalty under 26 U.S.C. §§ 6694, 6695, or 6701, including preparing any part of a return or claim for refund that includes an understatement due to an unreasonable position or a willful understatement of tax.

  C. Pursuant to 26 U.S.C. §§ 7402, 7407 and 7408, Foster and her representatives, agents, servants, employees, attorneys, independent contractors, anyone in active concert or participation with them, are enjoined from directly or indirectly engaging in any other activity subject to penalty under the Internal Revenue Code and engaging in other conduct that substantially interferes with the proper administration and enforcement of the internal revenue laws;

  D. Pursuant to 26 U.S.C. § 7402, Foster must mail (and also e-mail, if an address is known) an executed copy of this injunction to all persons for whom she has prepared tax returns or claims for refund since January 1, 2006.  Foster must mail the copies within 30 days of the date of this order and must file with the Court a sworn certificate stating that she has complied with this requirement. The mailings shall include a cover letter in a form either agreed to by counsel for the United States or approved by the Court, and shall not include any other documents or enclosures;

  E. Pursuant to 26 U.S.C. § 7402, Foster shall produce to counsel for the United States within 15 days of the date of this Order a list that identifies by name, social security number, address, e-mail address, and telephone number and tax period(s) all persons for whom she has prepared federal tax returns or claims for refund since January 1, 2006, and to file with the Court, within 20 days of the date of this Order, a certification that they have done so.

  Done this 23rd day of November, 2010.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE